---

(36 Misc. Rep. 343.)

## In re BOWLBY.

(Supreme Court, Special Term, New York County. November, 1901.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—FILING CLAIMS—ALLOWANCE.

Where a corporation made a general assignment, and a notice was published to creditors to present their claims, and, after the account of the general assignee had been sent to a referee for settlement, the city of New York, whose name did not appear on the books as a creditor, filed a claim for personal taxes, but did not appear on the reference, and the referee's report was filed without notice to such city, and provisions made for paying creditors, but not for paying the city, and subsequently, without notice to creditors, the city filed exceptions to the report at a date later than the day of the return of the motion for confirmation, and the court thereupon preferred the claim of the city to all other claims except costs and expenses, and these, with the claim for taxes, exhausted

the fund, a reargument will be granted to afford the city opportunity to show why its exceptions should not have been disregarded.

Reargument ordered.

For former opinion, see 69 N. Y. Supp. 783.

Edwards & Bryan, for assignee.
Van Duzer & Taylor, for J. Prulliere and others.
Butler, Notman, Joline & Mynderse, for Garton & Marechal Co.
C. R. & C. U. Carruth, for A. G. Regelhard.
King & Jessup, for Fleischmann & Creamer.
Wingate & Cullen, for Mouslinger, Heerlein & Co.
John Whalen, Corp. Counsel, for city of New York.
Herman F. Kraftt, for Negel & Co.

FITZGERALD, J. In this matter there are now two applications presented to the court. The first is a proposed decree modifying, and confirming as modified, the report of the referee taking and stating the account of the assignee, and is presented by the attorney for the assignee, in accordance with the previous opinion of the court, and upon proof of service of notice of settlement upon all the parties who appeared before the referee and on the return of the original motion for the confirmation of the report, and also upon the counsel for the city of New York. The second application, originally returnable before Mr. Justice Lawrence, and by him referred to me, is made by a creditor of the assigned estate, whose claim was, in the previous opinion of this court, duly allowed, but was subordinated to the prior payment of the costs and expenses of the accounting, the commissions of the assignee, and the claim of the city of New York. It seeks a reargument of the motion to confirm the report of the referee, and permission to file nunc pro tunc exceptions to that portion of the referee's report directing the payment of the assignee's commissions prior to the payment of a dividend upon the claim of the moving creditor. The application for a reargument and for permission to file exceptions nunc pro tunc is made upon proof of due service of notice of motion upon the attorneys for the assignee, upon the attorneys for all the creditors who appeared before the referee and on the return of the original motion for confirmation of the report, and also upon the counsel for the city of New York. In support thereof the affidavit of the attorney for the moving creditor recites the following facts, which it says, at folio 5, "were not presented to the court upon the argument on the return of the original motion for confirmation of the report," viz.: That the referee's report directed the payment of the costs, expenses, assignee's commissions, and the claim of the moving creditor, in specified order; that it provided for the payment of the claim of the moving creditor before that of the city of New York, and that it showed funds in the hands of the assignee sufficient to pay the claim of the moving creditor in the order stated therein; that the moving creditor was therefore satisfied with the report, was willing that it should be confirmed, and filed no exceptions thereto; that the claim of

the moving creditor was presented to the assignee on July 22, 1898, within the time limited by the statutory notice therefor; that the city's claim was not presented to the assignee until December 26, 1899, long after the time limited in the published statutory notice, and when the matter was pending before the referee, and that the moving creditor had no knowledge or notice of the city's claim for a preference; that the report of the referee was filed October 4, 1900, and due service of notice thereof given; that, though it contained no direction for the payment of the city's claim, and provided for the allowance of the moving creditor's claim before that of the city, yet the city or its counsel did not file exceptions to the report. Finally, it now appears, from an examination of the figures specified in the proposed decree, that, unless the requested relief is granted, the moving creditor can get nothing whatever on the distribution of the assigned estate. These allegations of the moving affidavit, the most important of which are now submitted to the notice of the court for the first time, and by which the issues as to the right of the city to share in the distribution of the estate by the modification of a referee's report, to which it did not properly and in due time except, are now raised for the first time, are found to be correct. The referee's report was filed October 4, 1900, and due notice thereof, dated that day, was given to all the parties interested who had appeared before the referee. If the city claims that it did not receive any notice of the filing of the report, the answer thereto is that it was not entitled to it, for the report and testimony show that it did not appear before the referee at any stage of the lengthy proceeding. The report having been duly filed, and notice thereof having been duly given to all those entitled to it, the next necessary course for any dissatisfied party to pursue was to file exceptions to the report within eight days after such service. This only the creditors Fleischmann & Creamer did. Notice of motion for the confirmation of the report was then given to and served upon all the interested parties entitled thereto, namely, all those who appeared before the referee; and upon the return of that motion the only issues properly before the court, and the only issues that should have been presented to the court, were those raised by the report and the exceptions thereto, which were duly and properly filed as aforesaid. The city of New York did not, as required by the rule, file exceptions to the report, omitting any provision for the payment of its claim, within eight days from the time of service of notice of filing. It presented to the court, however, exceptions to the report, of a date 10 days later than the day of the return of the motion for the confirmation of the report. The moving creditor herein did not file any exceptions to the report, because she was satisfied with it, because it showed funds in the hands of the assignee sufficient to pay her claim, and because she was content to accept payment of the dividend thereon in the order specified in the report. Furthermore, she had no knowledge or notice of the assertion by the city of a right to priority of payment, or of a right to first participate in the distribution of the estate, because the city had not, within the

time required by the rules, expressed, in the legal form of exceptions, its dissatisfaction with the findings of a report omitting all provision for the payment of its claim. Accordingly, on the motion for confirmation of the report, the moving creditor had a right to believe that the only issues were those raised by the report and the timely exceptions of Fleischmann & Creamer. She did not urge her rights to priority of payment as against the city because, so far as she did or could have knowledge or notice, the city raised no such issues by filing proper and timely exceptions to the report. Unaware of the date or notice of the exceptions finally presented by the city to the court, she could not urge that these exceptions be disregarded because not filed in due time, and the result was that no objection was made by any interested party to a consideration of the exceptions presented to the court directly. The moving creditor, diligent throughout the entire proceeding, was entirely misled by the failure of the city to file its exceptions to the report in proper form and in due season; and an examination of the figures now presented shows that she was greatly prejudiced by the consideration of those exceptions, of which she had no knowledge or notice, and to which she could make no objection or reply. It is urged by the city that it never had notice of any proceedings in this matter. It did not receive the published notice to present claims to the assignee, nor the mailed notice to present claims to the referee, because its name was not included among the creditors upon the books of the assignor,—the only persons to whom the rules of this court require said notices to be sent. It was not served with citation because it had not, within the time limited in the published notice to creditors, presented claim to the assignee,—an absolutely essential prerequisite, under the assignment act, to the right to service of citation. It did not receive notice of hearing before the referee because it was not among those who appeared in court on the return of the citation,—the only persons, under the chancery practice, entitled to such notice. It did not receive notice of the filing of the report of the referee and of motion to confirm the same because it did not acquire the right to such notice by appearing before the referee. Its exceptions to the report should not have been presented as they were, and should not, and, if objected to, would not, have been considered, because they were not filed or presented in due time. Accordingly, the only issues that could have been properly before the court, viz. those presented by the report and by the due and timely exceptions of the creditors Fleischmann & Creamer, have been fully considered, with the result that the exceptions have been overruled. With that determination it is evident that the moving creditor is satisfied, for it necessitates the payment of her claim in the order specified in the report. For the relief sought by her present motion, and for the protection of her rights in the estate, permission to file exceptions to the report nunc pro tunc is not necessary, in view of the position above taken; and it would be inconsistent to disregard the exceptions of the claimant the city of New York because they were not properly filed in due time, and at

the same time to extend for an adverse claimant the period during which she might file exceptions. But for the reasons above stated, and as a decree not in conformity therewith is now submitted for settlement, the reargument asked for cannot be denied. But, as the issues raised by the timely exceptions of the creditors Fleischmann & Creamer have been considered and determined, the only issue now existing is that between the city and the moving creditor, and the reargument should be confined thereto. It is ordered, therefore, for the sole purpose of affording the city an opportunity of showing to the court sufficient reasons why its exceptions should not be disregarded, and why the estate should not be distributed in accordance with that portion of the previous opinion of the court considering and determining the issues raised by the report and the only exceptions thereto, and the reargument should be confined to these questions. Submit order accordingly upon usual notice. The settlement of the decree and the form thereof must await the result of said reargument.

Ordered accordingly.